# IN THE UNITED STATE DISTRICT COURT
# OF THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| JUDITH CLEMENS<br>2160 Compton Road<br>Cincinnati, OH 45231<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>HEALTH & HUMAN SERVICES<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201<br><br>and<br><br>CENTERS FOR MEDICARE & MEDICAID<br>SERVICES<br>P.O. Box 138832<br>Oklahoma City, OK 73113<br><br>and<br><br>U.S. DEPARTMENT OF THE TREASURY<br>BUREAU OF THE FISCAL SERVICE<br>P.O. Box 1686<br>Birmingham, AL 35201-1686,<br><br>Defendants. | Case No. _____<br><br>(Judge _____)<br><br>**PLAINTIFF'S COMPLAINT FOR**<br>**DECLARATORY JUDGMENT AND**<br>**REIMBURSEMENT OF**<br>**APPROPRIATED FUNDS** |

## NATURE OF THE CASE

1. This is an action for Declaratory Judgment pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. Section 2201-2202, and Rule 57 of the Federal Rules of Civil Procedure.

2. Plaintiff Judith Clemens ("Plaintiff") is a United States Citizen, with her residence located at 2160 Compton Road, Cincinnati, Hamilton County, Ohio, and so resided at all times relevant hereto.

3. Upon information and belief, the Defendant Centers for Medicare & Medicaid Services is an agency or other governmental entity of the United States Government, and which operates within or authorized by the United States Department of Health & Human Services, and whose function, in part, is to handle subrogation matters on behalf of the Defendant United States Health & Humans Services.

4. Upon information and belief, the Defendant United States Department of the Treasury is responsible for, among other duties, collection of debts at the direction of the United States Department of Health & Human Services and/or Centers for Medicare & Medicaid Services.

5. Plaintiff now seeks a Declaratory Judgment that the Centers for Medicare & Medicaid Services and/or United States Department of Health & Human Services did not comply with a lawful Judgment from the Hamilton Court of Common Pleas determining the amount of a subrogation interest, and thereafter, by and through the United States Department of the Treasury, collected monies exceeding its subrogation interest which the Hamilton County Court of Common Pleas determined.

## **JURISDICTION AND VENUE**

6. The Court has jurisdiction over the subject matter of this action under 28 U.S.C. Section 1331.

7. An actual controversy exists between the parties within the meaning of 28 U.S.C. Section 2202, which is of sufficient immediacy and reality to warrant declaratory relief.

8. This action concerns the issues of whether the Defendants United States Department of Health & Human Services and Centers for Medicare & Medicaid Services made an excess subrogation claim pursuant to 42 CFR Section 411.37, and contrary to a Judgment Entry entered on February 28, 2020 in the Hamilton County Court of Common Pleas, a copy of which is attached hereto, and the subsequent direction to the

United States Department of Treasury to collect excess subrogation funds from the Plaintiff.

## FACTUAL ALLEGATIONS

9. The Plaintiff was involved in a motor vehicle accident on December 1, 2016, in Cincinnati, Hamilton County, Ohio.

10. As a result of the aforementioned motor vehicle accident, the Plaintiff sustained personal injuries, and received treatment therefor.

11. At all times referenced herein, the Plaintiff received benefits from the United States Department of Health & Human Services in the form of Medicare Insurance coverage.

12. As a consequence of the Plaintiff's injuries, she received medical treatment, and for which the United States Department of Health & Human Services paid.

13. On February 28, 2020, the Hamilton County Court of Common Pleas entered a Judgment Entry in favor of the Plaintiff against the Defendant United States Department of Health & Human Services determining the United States Department of Health & Human Services' subrogation lien to be $1,003.31.

14. On the same date and time, the Plaintiff forwarded a copy of the Judgment Entry which the Hamilton County Court of Common Pleas issued to the Centers for Medicare & Medicaid Services and the United States Department of the Treasury, in care of The Bureau of the Fiscal Service.

15. On March 24, 2020, the Plaintiff forwarded to the United States Department of the Treasury, Bureau of the Fiscal Service a check in the amount of $1,003.31 pursuant to the Judgment Entry of the Hamilton County Court of Common Pleas.

16. Despite the Judgment Entry from the Hamilton County Court of Common Pleas, the Defendants United States Department of Health & Human Services and the

Centers for Medicare & Medicaid Services, through the United States Department of Treasury, collected from the Plaintiff monies which exceeded the amount set forth in the Judgment Entry from the Hamilton County Court of Common Pleas.

## CAUSES OF ACTION

### COUNT I

**Declaratory Judgment that pursuant to the Hamilton County Court of Common Pleas Judgment Entry dated February 28, 2020 that the Defendant United States Department of Health & Human Services' Subrogation Lien is $1,003.31.**

17. The Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint,

18. The Plaintiff attempted to resolve this issue through the Hamilton County Court of Common Pleas and by tendering a copy of the Judgment Entry to the Defendants, however, the Defendants were not amenable to complying with a duly authorized Judgment Entry which the Hamilton County Court of Common Pleas entered.

19. As a result of the facts described in the foregoing paragraphs, an actual controversy of sufficient immediacy exists between the parties as to whether the Defendants should be required to comply with a Judgment Entry from the Hamilton County Court of Common Pleas.

### COUNT II

**Declaratory Judgment that the Defendants did not comply with 42 CFR 411.37 in calculating its subrogation claim.**

20. The Plaintiff incorporates by reference allegations set forth in the preceding paragraphs of this Complaint.

21. 42 CFR 411.37 sets forth various mandatory requirements in the calculation of a lien deriving from Medicare's payments for medical expense, including, but not limited to, attorney fees and costs.

22. The Plaintiff requests Declaratory Judgment that the Defendants failed to accurately calculate their subrogation interest pursuant to 42 CFR 411.37.

## COUNT III

**Declaratory Judgment that the Defendants Improperly collected, or are improperly collecting, excess monies in the approximate amount of $2,125.85, which the Defendants should be ordered to refund.**

23. The Plaintiff incorporates by reference allegations set forth in the preceding paragraphs of this Complaint.

24. Following the Plaintiff's forwarding of the Judgment Entry from the Hamilton County Court of Common Pleas, and a check in the amount of $1,003.31, the Defendants collected, or are attempting to collect, monies in the approximate amount of $2,125.85 from the Plaintiff. The Defendants' improper collection and attempted collection of any monies over $1,003.31 to satisfy its subrogation lien constitutes an improper taking of property without due process of law, in violation of the Fifth Amendment to the United States Constitution.

25. The Plaintiff therefore requests an Order that the Defendants reimburse her the sum of $2,125.85.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment as follows:

 a) A Declaration that the Judgment Entry which the Hamilton County Court of Common Pleas issued on February 28, 2020 is binding upon the Defendants.

 b) A Declaration that the Defendants failed to accurately calculate their subrogation interests in compliance with 42 CFR 411.37.

    c)    For a finding and determination that the Defendants improperly collected approximately $2,125.85 in excess of the Defendants' subrogation interests, and contrary to the Judgment Entry the Hamilton County Court of Common Pleas issued.

    d)    Any further relief to which the Plaintiff may be entitled.

TO THE COURT:

The within Complaint is respectfully submitted.

                              **BROWN, LIPPERT & LAITE**

                              _____
                              James W. Lippert (0002762)
                              30 Garfield Place, Suite 640
                              Cincinnati, Ohio 45202
                              (513) 241-1950
                              (513) 241-4095 (fax)
                              jlippert@fuse.net
                              Attorney for Plaintiff

ENTERED
FEB 2 6 2020

James R. Garvin (0065128)
Attorney for Plaintiff

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

ENTER
FEB 28 2020
CHARLES J. KUBICKI, JUDGE

| | | |
|---|---|---|
| JUDITH CLEMENS | : | Case No. A 1806368 |
| Plaintiff, | : | (Judge Kubicki, Jr.) |
| v. | : | |
| JACKSON STANLEY | : | **JUDGMENT ENTRY** |
| and | : | |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES | : | |
| Defendants. | : | |

This matter proceeded to Trial on February 26, 2020. The Plaintiff filed her First Amended Complaint naming the Defendant United States Department of Health and Human Services as a Defendant to provide it an opportunity to assert any subrogation liens it may claim.

The Defendant United States Department of Health and Human Services (Medicare) was served the First Amended Complaint on November 26, 2019. The Department of Health and Human Services has failed to answer, or otherwise enter an appearance in this action, and failed to appear for Trial.

The parties stipulate that the Plaintiff was involved in a motor vehicle accident with the Defendant which occurred on December 1, 2016. Following that motor vehicle accident, the Plaintiff incurred medical expenses for which the Defendant Department of Health and Human Services paid.



D128259838



VERIFY RECORD

The Plaintiff introduced Exhibit 1 into evidence which is a statement dated July 10, 2019 from the treating physical therapist, Vickie Fairchild, that the last date she treated the Plaintiff for injuries from the motor vehicle accident was February 14, 2017.

The Plaintiff also introduced Exhibit 2 into evidence which is a Payment Summary Form received from Defendant United States Department of Health and Human Services setting forth the medical expenses which the Defendant United States Department of Health and Human Services paid following the December 1, 2016 motor vehicle accident. According to the Payment Summary Form, the Defendant United States Department of Health and Human Services paid $1,541.18 through February 14, 2017.

42 C.F.R. 411.37 sets forth the amount of a recovery from a Judgment or Settlement which the United States Department of Health and Human Services is entitled to recover. Pursuant to 42 C.F.R. 411.37(1), the United States Department of Health and Human Services must reduce its recovery to take account of the cost of procuring the settlement, as the claim was disputed.

The parties resolved this claim for $4,750.00. The Plaintiff's attorney fees are one-third of the settlement amount, and per Exhibits 3 and 4, the Plaintiff's costs are $73.51. Therefore, the total procurement costs, which consist of the Plaintiff's attorney fees and costs, total $1,656.84.

Per 42 C.F.R. 411.37(c), the ratio of procurement costs to the settlement is 34.9% ($1656.84 ÷ $4,750.00). Applying 34.9% to Medicare's subrogation lien equals $537.87 ($1,541.18 x 34.9%). Deducting $537.87 from $1,541.18 yields a final subrogation lien in the amount of $1,003.31.

2

Accordingly, it is the Judgment of this Court that the United States Department of Health and Human Services shall be entitled to a final subrogation lien of $1,003.31 for the medical expenses it paid as a result of the December, 2016 motor vehicle accident the subject of this claim.

_____
JUDGE CHARLES J. KUBICKI, JR.

Copies to:

James R. Garvin, Esq.
Brown, Lippert & Laite
30 Garfield Place, Suite 640
Cincinnati, OH 45202

Natalie M.E. Wais, Esq.
Young & Alexander Co., L.P.A.
One Sheakley Way, Suite 125
Cincinnati, OH 45246

United States Department of Health and Human Services
c/o Center for Medicare and Medicaid Services
P.O. Box 138832
Oklahoma City, OK 73113

3